# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 5287 | **DATE** | 6/17/2011 |
| **CASE TITLE** | Teninty vs. Geren | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion for reconsideration, titled Plaintiff's Memorandum in Support of Her Motion for Relief of Judgement or Order [75], is respectfully denied.

■[ For further details see text below.]  Docketing to mail notices. Notices mailed by Judicial staff.

# STATEMENT

**I.  Background**

In February 2007, Defendants Secretary of the Army and United States Department of the Army (collectively referred to as "Defendant" or "the Army") hired Plaintiff Kelly Teninty, a white female, for a civilian position as a health technician at the Military Entrance Processing Station ("MEPS") in Chicago. Eight months later, she was terminated. Following her termination, Teninty sought EEO counseling and ultimately filed a formal complaint of discrimination, which was denied. After the denial of her EEO complaint, Teninty, acting *pro se*, filed two actions, which were subsequently consolidated before this Court. Plaintiff requested counsel, and on February 19, 2009, the Court granted her request for counsel and appointed a lawyer to represent her in this matter. Plaintiff's counsel filed an amended consolidated complaint, alleging employment discrimination based on gender, "wage scale differentials," and race; discrimination based on Plaintiff's disability in that Defendant failed to reasonably accommodate Plaintiff's alleged disability; and a hostile work environment created by African-American staff members. Plaintiff abandoned her age discrimination claim and limited her gender discrimination claim solely to the issue of disparate pay.

In addition to filing an amended employment discrimination complaint, Plaintiff's court-appointed counsel served and responded to written discovery, represented plaintiff in her deposition, and took a number of depositions of current and former Army employees. After discovery closed, the Army moved for summary judgment, and Teninty, through her counsel, filed a timely response two months later. On March 3, 2011, the Court granted summary judgment in favor of the Army on all of Teninty's discrimination and Equal Pay Act claims.

Teninty now seeks to vacate the judgment on the grounds that she was unable to assist in her case for the first few weeks before her summary judgment response was due because she was in a "day hospital" program from August 2010 until September 17, 2010, and because Teninty herself supposedly has "discovered" new evidence,

much of which was produced by Defendant during fact discovery in 2009 but was not utilized by either party in briefing the summary judgment motion. She also has filed additional pleadings that largely rehash the arguments made by her, and rejected by the Court, on summary judgment.

## II.     Analysis

A court may alter or amend a judgment when the movant "clearly establish[es]" that "there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). In regard to the "manifest error" prong, the Seventh Circuit has elaborated that a motion to reconsider is proper only when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). While the Federal Rules of Civil Procedure allow a movant to bring to a court's attention a manifest error of law, it "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000). And because the standards for reconsideration are exacting, our court of appeals has stressed that issues appropriate for reconsideration "rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee*, 906 F.2d at 1191.

Teninty cites subsections (1) and (2) of Rule 60(b) as the bases for her motion. [**FN 1**] Rule 60(b)(1) allows relief from judgment mistake, inadvertence, or excusable neglect, while Rule 60(b)(2) allows relief when the party discovers new evidence that could not be discovered prior to judgment. Fed. R. Civ. P. 60(b)(1), (2); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 800-01 (7th Cir. 2000). A generous reading of her motion suggests that Teninty is making two arguments that fit within these two subsections: (1) that summary judgment should be vacated because she (as opposed to her appointed counsel) has discovered "new evidence" that supports her claims; and (2) that summary judgment should be vacated because she was unable to assist her attorney for about six of the eight plus weeks during which the summary judgment motion was briefed. There is no dispute that Plaintiff was available and in fact did assist her attorneys during the discovery phase.

> [**FN 1**] Teninty also cites Rule 60(b)(6), the catch-all provision, but fails to cite any reason that would justify relief and does not fit, at least ostensibly, within the first two subsections of Rule 60(b). See *Brandon v. Chicago Bd. of Ed.*, 143 F.3d 293, 295 (7th Cir. 1998) ("Inherent in the structure of Rule 60(b) is the principle that the first three clauses and the catchall clause are mutually exclusive.") (citing *Wesco Products Co. v. Alloy Automotive Co.*, 880 F.2d 981, 983 (7th Cir. 1989)). Thus, the Court disregards subsection (6) as a proper basis for Teninty's Rule 60(b) motion.

In addition to the Rule 60(b) motion, Teninty has filed an entirely new memorandum in opposition to the Army's summary judgment motion, a new response to the Army's Rule 56.1 statement of facts, and a additional statements of fact. Yet the time to file such pleadings has long since passed. Even under the more liberal Rule 59(e) standards, Teninty is not entitled to reargue her case. The proper avenue for an attack on the legal or factual bases which support the Court's judgment was an appeal, not a Rule 60(b) motion. See, *e.g., Siner v. Eastside Comm. Investments, Inc.*, 22 Fed. Appx. 642, 642 (7th Cir. 2001) (rehashing arguments against summary judgment is not proper in a Rule 60(b) motion); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000) ("A collateral attack on a final judgment is not a permissible substitute for appealing the judgment within the time * * * for appealing the judgment of a federal district court."). As the court explained in *Bell v. Eastman Kodak Co.*, the grounds for setting aside a judgment under Rule 60(b) must be something that could not be used to obtain a reversal of the judgment by direct appeal. *Bell*, 214 F.3d at 801. Thus, to the extent that Teninty is seeking

| STATEMENT |
|---|

to appeal the judgment in her case, her motion is denied because Rule 60(b) does not apply to any basis that could be brought before an appellate court.

Furthermore, Teninty has not discovered "new evidence" as defined by Rule 60(b)(2). In order to obtain relief under Rule 60(b)(2), the movant must produce newly discovered evidence as well as demonstrate that the newly discovered evidence could not have been discovered before the entry of judgment. See *Harris v. Owens-Corning Fiberglas Corp.*, 102 F.3d 1429, 1433-34 (7th Cir. 1996). Here, Teninty does not specifically identify any "new" evidence at all, nor does she argue that any such evidence could not have been discovered prior to the grant of summary judgment. Rather, Teninty seems to be alleging that she found documents, most of which were produced by Defendant during fact discovery, that she did not see until her attorney forwarded her file to her after his withdrawal and that she believes are relevant to her claim. See *Harris v. Owens-Corning Fiberglas Corp.*, 102 F.3d 1429, 1433-34 (7th Cir. 1996) (relief under Rule 60(b)(2) not warranted when records were overlooked, not newly discovered). But it is well established that the actions of Teninty's attorney are imputed to her. *Modrowski v. Mote*, 322 F.3d 965, 968 (7th Cir. 2003) (an individual has an affirmative duty to "'vigilantly oversee' and ultimately bear responsibility for their attorneys' actions and failures."); *United States v. 8136 S. Dobston St.,* 125 F.3d 1076, 1084 (7th Cir. 1997) ("[A] client is bound by his close agent's deeds, whether it be negligence, gross negligence, or even wilful conduct."). As a result, Teninty, though her attorneys, had knowledge of this evidence and chose not to include it in her response to the Army's motion for summary judgment. Thus, to the extent that the evidence Teninty now points to was overlooked by her and her attorneys, it plainly is not new, as is required by Rule 60(b)(2).

The closest that Plaintiff comes to suggesting a valid basis for a collateral attack on the judgment is when she states that certain evidence favorable to her was not presented by her attorneys. To the extent that Plaintiff is arguing ineffective assistance of counsel, that is a ground for a collateral attack on a criminal judgment (see, *e.g.*, *Hernandez v. Cowan,* 200 F.3d 995 (7th Cir. 2000)), but not a civil one (see *Sparrow v. Heller*, 116 F.3d 204, 206-07 (7th Cir.1997); *Helm v. Resolution Trust Corp.*, 84 F.3d 874, 878-79 (7th Cir.1996); *United States v. 817 N.E. 29th Drive,* 175 F.3d 1304, 1311 n. 14 (11th Cir.1999)). Thus, to the extent that Teninty argues that her attorneys overlooked relevant evidence or did not adequately present her case, her motion also is denied because ineffective assistance of counsel is not a proper ground for a Rule 60(b) motion in a civil lawsuit. See *Bell*, 214 F.3d at 802 (affirming denial of Rule 60(b) motion in civil case where only attack on the judgment amounted to a claim for ineffective assistance of counsel and discussing appropriate, alternative remedies to an ineffective assistance claim); see also *Siner v. Eastside Comm. Investments, Inc.*, 22 Fed. Appx. 642, 643 (7th Cir. 2001) (ineffective assistance of counsel claims do "not fall under the rubric of Rule 60(b)[.]").

Teninty also argues that relief from judgment should be granted because she was unable to assist her attorneys with her case during the briefing of the summary judgment motion. Yet Teninty participated in fact discovery, answering interrogatories and producing requested documents. Teninty also sat for her deposition and presumably assisted her attorneys in identifying relevant Army witnesses, who Plaintiff's counsel then deposed. Although Plaintiff was admitted to the day hospital program during August and September of 2010, she was released on September 17, 2010. Plaintiff noted in her motion to reconsider that her symptoms had improved enough by that point that she could continue with weekly social work therapy in lieu of the day program. Plaintiff's response to Defendant's summary judgment materials was not due until October 1, 2010. Thus, Plaintiff had two weeks prior to the due date to review her counsel's draft response brief. Furthermore, had Teninty subsequently learned (or remembered), even after the summary judgment motion was fully briefed, that a crucial fact or argument had been omitted, she could have sought to supplement her briefing anytime between the end of the briefing schedule and the disposition of the summary judgment motion (a period of nearly six

| STATEMENT |
|---|

months). Simply put, that Teninty may have been unavailable for a portion of the time allotted for her attorneys to respond to the Army's summary judgment motion is not sufficient justification for the "extraordinary remedy" of relief from judgment. Moreover, had she been needed by her attorneys as they were preparing her response to the summary judgment motion, counsel could have sought an extension of time, or even a stay of the proceedings, at that time. The decision not to seek such relief prior to judgment cannot be undone now, simply because judgment did not come down in Plaintiff's favor.

Rule 60(b) preserves the system's interest in the finality of judgments, while providing litigants with the opportunity to present arguments that cannot be presented on appeal. See *Siner*, 22 Fed. Appx. at 643; *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000). Here, Plaintiff disagrees with the conclusion reached by the Court and seeks to relitigate the issues resolved on summary judgment. Yet summary judgment already has been considered by the Court, and the Court has issued an extensive opinion outlining its decision based upon the facts and law presented by the parties during the lengthy briefing schedule allotted. Plaintiff now attempts to get a "second bit at the apple." The facts and law of the case have not changed; rather, Plaintiff wants to supplemental the record with additional factual issues and make arguments that counter the positions taken by Defendant at summary judgment. These factual and legal responses were available to Plaintiff and Plaintiff's counsel at the time her response was due. It is well-established that motions for reconsideration "do not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior" to the district court's ruling. See *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). As the Seventh Circuit has said "many times before, a motion for summary judgment requires the responding party to come forward with the evidence that it has–it is 'the put up or shut up' moment in a lawsuit." See *Eberts v. Goderstad*, 569 F.3d 757, 766-67 (7th Cir. 2009) (additional citations omitted). In sum, it simply is too late to accept Plaintiff's new offerings at this late date. Thus, while the Court sympathizes with Plaintiff's health issues, her motion for reconsideration is unavailing and the judgment stands as entered.